(26 Misc. Rep. 748.)

## MAY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. March 24, 1899.)

STREET RAILWAY—COLLISION—CONTRIBUTORY NEGLIGENCE.

> One who, seeing an electric car only part of a block away, coming very fast on a downgrade, starts to cross the track diagonally for a cross street, passing close to a pillar of an elevated railroad, against which he is driven by the car, is prevented by contributory negligence from recovering therefor.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Carl P. May against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
Otto H. Dorege, for respondent.

MacLEAN, J. One Kelbe, driving a horse, with a baker's wagon, on his familiar route, upon the downtown, or south-bound, track of the defendant company on Second avenue, somewhat above Ninetieth street,—"one and one-half pillars above Ninetieth street," as he expressed it,—seeing, "about two and one-half pillars away," a car coming northward upon a downgrade, and very fast, turned his horse southeasterly to drive into Ninetieth street, first passing between the pillar of the elevated railroad standing about 20 feet north of Ninetieth street, and a little easterly of the uptown, or north-bound, track, manifestly purposing, so far as he planned anything, to pass between the pillar and the rapidly approaching car before being overtaken by the latter. In this calculation, if calculation he made, he was mistaken; for, although the horse and part of the vehicle safely crossed the track, the wagon was struck by the car, and crushed against the pillar. For the damage thus done to the vehicle, the baker brought this action.

For the defendant, the motorman testified that he saw the baker's wagon "about two and a half pillars away," a little before it was turned easterly; that, so soon as he saw the horse turned from the south-bound track, he sounded the gong as a warning; and that, as

soon as it became apparent that Kelbe intended to cross the avenue, he took all the means in his power to stop the car, which he did within the shortest space possible,—about 40 feet. The motorman was corroborated as to his efforts to stop the car by the conductor, by other witnesses for the defendant, and also by the plaintiff's principal witness, other than Kelbe. Still there might have been something in the statements of Kelbe, and in the circumstances of the accident, warranting the submission to the jury of the question of the defendant's negligence. It was otherwise as to the absence of contributory negligence on the part of the baker's driver. Intending, as he said he did, to drive into Ninetieth street, he did not cross the avenue directly when he had opportunity, nor did he wait until he had reached Ninetieth street, but he drove diagonally towards the street. Instead of driving, as would a man of ordinary prudence, and as he might be expected to do, tempted by a chance of cutting off a little of the distance, Kelbe took the risk of passing between the pillar and the rapidly coming car; and his employer must take the consequences of his imprudence, and not the defendant company. The judgment should be reversed, and a new trial ordered, with costs to the appellant.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs. LEVENTRITT, J., taking no part.

